UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TERNIUM MEXICO, S.A. DE C.V.,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES,<br><br>                    Defendant,<br><br><br>          and<br><br>UNITED STATES STEEL CORPORATION, STEEL DYNAMICS, INC., AND THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFLCIO, CLC.,<br><br>                    Defendant-Intervenors. | Before:  Leo M. Gordon, Judge<br><br>Court No. 25-00236 |

**SCHEDULING ORDER**

Upon consideration of the parties' proposed joint scheduling order, and all other papers and proceedings had in this action; and upon due deliberation, it is hereby

**ORDERED** that the briefing in this action shall proceed in accordance with the schedule and guidelines set forth below:

| | | Due Date<br>(On or Before) | Page/Word Limits |
|---|---|---|---|
| 1. | Plaintiff Ternium Mexico S.A. de C.V.'s USCIT Rule 56.2 Brief | April 6, 2026 | See ¶¶ 1.a, 1.b & 1.f |
| 2. | Court Review of Plaintiff's Opening Brief | April 20, 2026 | N/A |

Court No. 25-00236                                                                Page 2

| 3. | Defendant's Response Brief | June 5, 2026 | Equal to Plaintiff's Opening Brief |
|---|---|---|---|
| 4. | Defendant-Intervenor United States Steel Corporation's Response Brief | June 12, 2026 | 50% of Plaintiff's Opening Brief |
| 5. | Defendant-Intervenors Steel Dynamics, Inc., United Steel Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFLCIO, CLC.'s Response Brief | June 12, 2026 | 50% of Plaintiff's Opening Brief |
| 6. | Plaintiff Ternium Mexico S.A. de C.V.'s Reply Brief | July 6, 2026 | 40% of Def. and Def-Intervenor's Response Briefs |
| 7. | Motion for Oral Argument, if any | July 20, 2026 | N/A |
| 8. | Joint Appendix | August 10, 2026 | N/A |

1.  **Briefing Guidelines**

a)  **Issue Identification and Merits Analysis:** Prior to drafting its Rule 56.2 brief, plaintiff should perform a merits analysis by measuring each of its issues against the standard of review the court will apply to resolve each issue.  After performing that analysis, plaintiff should brief and argue only those issues that have merit and a chance of success.  When briefing its issues, plaintiff is encouraged to keep in mind the court's obligation to apply the appropriate standard of review to the issues presented, and therefore, presentment of the issues within that framework is vital to aiding the court in the disposition of the action.

b) **Administrative Case Brief and Exhaustion/Issue Waiver**: Plaintiff must take care not to rely too heavily on their administrative case briefs.  Please do not merely cut-and-paste arguments from administrative case briefs, and think anew about the issues against the operative standards of review the court must apply. Likewise, please make sure you have exhausted your administrative remedies and raised the issues by presenting your arguments to the agency in the first instance. If it was not possible to do so, for example, the first opportunity to challenge an issue arose in the final results, then make sure to request appropriate relief (a remand to the agency to consider the arguments in the first instance).

c) **Court Review.** The court will review plaintiff's opening USCIT Rule 56.2 brief to determine whether the brief is properly framed against the applicable standards of review.

In particular, the court will examine the opening brief to ensure that the brief applies the proper standards of review in its analysis.  It is not helpful to have the other parties and the court guess at which standard applies to plaintiff's arguments. For example, if making a "legal" argument that Commerce's interpretation of the statute or regulations are contrary to law, make that argument within the Loper Bright Enterprises (statute) or Auer/Kisor (regulations) framework.  Also, be specific about substantial evidence challenges.   Identify the specific agency "finding, conclusion, or determination" challenged and explain why it is unreasonable given the administrative record.  Also, think carefully about challenges that masquerade as supposed "legal" arguments that are really just basic substantial evidence challenges involving an alleged misapplication of an undisputed legal standard to the facts and circumstances of a given administrative record.

If plaintiff has any doubts or confusion about how to frame its arguments against the applicable standard of review, please schedule a pre-briefing conference with the court pursuant to Section 1(d) below.

If plaintiff's opening brief is framed properly, the remainder of the briefing schedule will proceed in accordance with this Scheduling Order.  If the court

identifies problems with the opening brief, the court may order plaintiff to correct any deficiencies and refile its opening brief under a revised briefing schedule, or take such other action, including summarily sustaining Commerce's action on a particular issue or issues, to promote the timely and efficient disposition of this action.

d) **Pre-Briefing Conference.** If counsel has any doubts or confusion about the standards that apply or how best to brief and argue its case so that it can assist the court in timely rendering appropriate relief, plaintiff should contact Giselle Almonte (giselle_almonte@cit.uscourts.gov) so that a conference call can be arranged with the parties in which the court can answer any questions and provide appropriate guidance.  Please review your issues as soon as possible and avail yourself of this opportunity if you believe it will help.

(e) **Briefs.** Briefs should have two sections (in addition to a table of authorities and table of contents): (1) Rule 56.2 statement (see USCIT R. 56.2(c)(1)),  and (2) Argument.  (Please do not follow the additional briefing guidelines of Rule 81(j).)  The parties may, if they desire, also include a section for the standard of review, but it is not necessary because the parties can address the applicable standard of review within each specific issue in the argument section of the brief.  Please do not include a summary of argument section. Also, please do not include a separate statement of facts.  Instead, include relevant background material for the specific issue within the argument section of the brief.

f) **Page/Word Limits:** The standard chambers procedures provide a 14,000-word limit on opening briefs.  A good rule of thumb, however, is 1,500 words (approximately 5 pages) per issue, where an issue is defined as a specific challenge framed under the applicable standard of review.  The point is that a concise, well-written, focused brief that addresses the standard of review will help the court review the issues, and if appropriate, provide the requested relief.

2. **Response Brief of Defendant-Intervenors.** The lag for defendant-intervenors to file their response briefs is to avoid duplication of arguments already made by

defendant.  Short statements of agreement with arguments and incorporation by reference are encouraged.

3. **Reply Brief.** The reply brief must be confined to rebutting arguments contained in the response briefs. The reply brief may not introduce new arguments.

4. **Rules of Citation.** The parties are reminded of the rules of citation set forth in the Practice Comment to USCIT Rule 81 (especially the rules for proper citation of Federal Register notices), available at http://www.cit.uscourts.gov.

    **Correct:**

    Certain Corrosion-Resistant Steel Products from Mexico, 90 Fed. Reg. 166 (Dep't of Commerce Aug. 29, 2025) ("Final Results")

    **Not Correct:**

    Certain Corrosion-Resistant Steel Products From Mexico: Final Affirmative Countervailing Duty Determination, 90 Fed. Reg. 166 (Department of Commerce Aug. 29, 2025) ("Final Results")

5. **Citations to Administrative Record.** The important thing is to provide a citation that will make it easy for the court to (a) identify the document and cited passages on specific pages quickly and (b) incorporate into the published disposition. Therefore, please provide (1) a brief description of the document; (2) the document number identified in the index to the administrative record ("PD" for public record and "CD" for confidential record); (3) the date of the document; and (4) if applicable, the specific page number[s] in or bar code number for the document. Please do not provide a parallel citation to the Appendix. Also note that the page numbers and bar code numbers of the document are often different. Please cite to either the page number, or the bar code number, as convenience and efficiency dictate.

    **Examples:**

    Ternium Mexico's Case Brief Resubmission, PD 417 at bar code 4810553-01 (Aug. 14, 2025)

United States Steel's Rebuttal Brief, CD 377 at bar code 4811619-01 (Aug. 18, 2025)

**Caveat:**

Please note that the parties do not need to cite the administrative record document or bar code numbers for the Preliminary Results, Final Results, or Final Issues and Decision Memorandum. Just adopt a suitable short form in the first citation and cite to the page number (or comment number).

First Citation to Final Results:

Certain Corrosion-Resistant Steel Products from Mexico, 90 Fed. Reg. 166 (Dep't of Commerce Aug. 29, 2025) ("Final Results")

Subsequent short form:

Final Results, 90 Fed. Reg. at 42,229–32.

First Citation to Issues and Decision Memorandum:

Issues and Decisions Memorandum for the Final Affirmative Determination of Countervailing Duty Investigation of Certain Corrosion-Resistant Steel Products from Mexico (Dep't of Commerce Aug. 25, 2025), available at https://access.trade.gov/public/FRNoticesListLayout.aspx at barcode 4815870-02 (last visited on this date) ("Decision Memorandum")

Subsequent short form:

Decision Memorandum at cmt. 3

Decision Memorandum at 23-26

6.  **Joint Appendix.** Documents included in the parties' joint appendix pursuant to Rule 56.2(c)(3) must be reproduced in their entirety for individual documents of less than 10 pages, and documents of 10 pages or more should not be reproduced

in their entirety but rather the parties will include the first page of the document and sufficient additional pages to provide context for a referenced record citation (e.g., the entire section or heading containing any relevant part of a party's questionnaire response or an agency staff memorandum, including all relevant sections of any exhibits, appendices, or additional record documents referenced therein).

                                                                          /s/ Leo M. Gordon
                                                          Judge Leo M. Gordon

Dated: February 5, 2026
       New York, New York